UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-266-MOC-SCR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **WYNN A.D. CHARLEBOIS,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Extension of Time to
Report to BOP. (Doc. No. 51). The Government opposes Defendant's motion. (Doc. No. 53).
Having considered Defendant's motion and the parties' arguments, the Court **DENIES**
Defendant's motion.

Defendant operated a Ponzi scheme and defrauded dozens of investors out of millions of
dollars. (Doc. No. 34 at 5–12). Defendant pled guilty to one count of Wire Fraud in violation of
18 U.S.C § 1343, which this Court accepted on July 31, 2023. (Doc. No. 24). This Court then
sentenced Defendant to 72 months in prison, followed by two years of supervised release, on
January 21, 2026. (Doc. No. 49). This Court also required Defendant to pay $5,797,524 in
restitution to the victims he defrauded. (Id.).

Defendant is set to report to the BOP to begin his sentence on March 26, 2026. Defendant
seeks to delay reporting because he is allegedly critical to his employer's operation. (Doc. No.
51). Specifically, Defendant states that his employer is transitioning from one software vendor to
another and his physical presence is required to help in that transition, which Defendant expects

1

to be completed sometime in July 2026. (Id.). Defendant did not attach any statement from his employer attesting to these facts.

The Government opposes Defendant's motion, noting that Defendant pled guilty to wire fraud nearly three years ago and has still not begun his sentence. (Doc. No. 53). The Government contends that any further delay in reporting would not serve the ends of justice. (Id.). The Government contacted numerous victims regarding Defendant's request to delay reporting and received written statements from at least seven of them voicing their opposition thereto. (Id. at 3). The victims had the following to say:

- "It's been way too long, and he's had an excuse for everything. I'm confident the medical billing company will survive."

- "Is this not PRECISLEY the type of attitude and behavior that has led all of us to this situation? [Defendant's] repeated modus operandi was to delay and defer, and then, deny. … With great gusto and clarity, the Court should say NO to this request.…"

- "He has had almost 3 years to clean up his affairs and was pushing to start his entrance sooner and then all of sudden wants an extension? … There is no way whatever he is doing is critical to someone's life and company. This is ridiculous."

- "Stalling tactic, nothing new for him! Same playbook as when he was stealing money from people. He's known about his report date since sentencing, that's plenty of time for an 'orderly transition' in whatever job he has. I strongly object to any delays in him beginning his sentence. I have to live with the

consequences of his actions every day, why shouldn't he begin doing the same!"

- "Absolutely NOT accommodating to this."

- "I object. I didn't even know he was employed; is that even true? It's hard to believe anything he says."

- "I am very much opposed to [Defendant] seeking to extend his deadline to report. I thought he had to report within a few weeks of sentencing. The sentencing took place 1.5 years after he pled guilty, which was ridiculous. What job does [he] have that could possibly be reliant on him and why would this even be considered? [He] has tried to stall at every turn. He needs to start serving his sentence already. Enough is enough!"

(Id.).

The Court finds that Defendant failed to support his allegations concerning the critical nature of his employment, and that the Court would deny Defendant's motion even if he did. The criminal justice system does not yield to the whims of private employers. Defendant has been free for nearly three years after he pled guilty to defrauding numerous people out of millions of dollars through his Ponzi scheme. The time has come for him to serve his sentence. Therefore, the Court denies Defendant's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Extension of Time to Report to BOP (Doc. No. 51) is **DENIED** and Defendant **SHALL REPORT TO THE BOP ON MARCH 26, 2026,** in accordance with the terms set forth by the U.S. Marshal's Service.

Signed: March 18, 2026

Max O. Cogburn Jr.
United States District Judge

4